Dear Mayor Fontenot:
Your request for an Attorney General's Opinion concerning the sale of the Natural Gas System ("the system") of the Town of Simmesport has been referred to me for review and response. More specifically, you request answers to the following questions:
 (1) Must the sale of the system take place by ordinance with a public hearing or must it be put to a vote by the citizens of Simmesport to decide?
 (2) Must the proposed sale be let out for bids by acceptance at an appraised value of the system?
The Legislature has enacted several different statutes to deal with the sale of publicly-owned utilities. Among others, these statutes — La. R.S. 33:4341, La. R.S. 42:7.3 and La. R.S. 33:4346
— must be read in pari materia to determine what the Legislature intended to occur in the case of the sale of a public utility. La. R.S. 33:4341 authorizes the sale or lease of revenue producing utilities. La. R.S. 42:7.3 deals with the features a proposal must contain in order for a non-public entity to sell natural gas to a public body or to assume operation or acquire ownership of a gas utility which a public body owns. La. R.S.33:4346 concerns the disposition of the gas utility after its sale has been approved.
 Must the sale of the system take place by ordinance with a public hearing or must it be put to a vote by the citizens of the Town of Simmesport?
Pursuant to La. R.S. 33:4341, Simmesport may sell its Natural Gas System for a term not to exceed sixty years after it has first received a favorable vote from the electorate. La. R.S. 33:4341 B. dispenses with the election requirement if the Town of Simmesport sells its system to another public entity.
La. R.S. 42:7.3 A. defines "gas utility" as "any revenue producing business or organization which is owned or operated by a public body, and which regularly supplies the public with natural gas at retail." This statute applies to the Natural Gas System of the Town of Simmesport because the system is a revenue producing asset of the Town of Simmesport and because it supplies the public with natural gas at retail.
Before Simmesport can accept a proposal from a non-public entity for the purchase of its Natural Gas System, the proposal must comply with the requirements set forth in Section B. of La. R.S. 42:7.3. These requirements are self-explanatory and read as follows:
 B. Prior to consideration or action by a public body to accept a proposal by a nonpublic entity to sell natural gas to a public body for use in its gas distribution system sales to retail customers for a term exceeding twelve months including rollovers or extensions, or to assume operation or acquire ownership of, a gas utility being operated or owned by the public body, the proposal shall:
 (1) Be introduced, in writing, at an open meeting of the public body.
 (2) Not be considered by the public body until notice of the proposal has been published in the official journal of the public body and at least thirty days has lapsed after the introduction of the proposal.
 (3) Include a written report of the most recent five year history of the sale of natural gas to similar public bodies for use in gas distribution system sales to retail customers for a term exceeding twelve months including rollovers or extensions by the nonpublic entity if the entity is seeking to sell natural gas to a public body for use in its gas distribution system sales to retail customers for a term exceeding twelve months including rollovers or extensions to the public body or a five-year history of the purchase price of other gas utilities operated or owned by a public body paid by the nonpublic entity if the entity is seeking to assume operation or acquire ownership of the utility. A copy of the report shall be provided to all members of the public body and be available to the public.
 (4) Include any written contract or agreement proposed between the nonpublic entity seeking to sell natural gas to a public body for use in its gas distribution system sales to retail customers for a term exceeding twelve months including rollovers or extensions to, or assume operation or acquire ownership of, the gas utility and the public body. A copy of the contract or agreement shall be provided to all members of the public body and be available to the public.
The statute contains other requirements as well. Section C of La. R.S. 42:7.3 provides that the public shall be given notice of the proposal and that the notice shall contain the time and place where the public body will consider the proposal. The provisions of Section D state that a public hearing must be held before the proposal can be considered and prohibits the adoption of any proposal at the original meeting at which it is introduced. Any amendment or revision to the proposal must go through the same process as required for the original contract under Section E. Section E further mandates that the public body shall not be allowed to consummate the terms of the revised contract until 30 days have elapsed since the public first received notice of the revision.
It is also worth noting that La. R.S. 33:4346 provides that if the majority of the people in the election, as required by La. R.S. 33:4341, vote in favor of the sale, "the governing authority shall, not earlier than thirty days nor later than sixty days after the promulgation of the result, pass an ordinance ordering the appropriate executive officer to make the sale. . . ."
In summary, the Town of Simmesport may sell its Natural Gas System to a public or non-public entity, but the Town must meet certain requirements as set forth in La. R.S. 33:4341, La. R.S.33:4346 and La. R.S. 42:7.3. The buyer's proposal must first be reduced to writing and introduced at an open meeting of the City Council as well. The buyer must give the appropriate public notice of the sales proposal. After the proposal has gone through these steps, it must be placed on the ballot pursuant to La. R.S.33:4341. Finally, upon a favorable vote of the electorate, the Town must pass an ordinance ordering the appropriate executive officer to execute the sale pursuant to the provisions of La. R.S. 33:4346.
 Must the proposed sale be let out for bids by acceptance at an appraised value of the system?
It is the opinion of this office that the sale of the Natural Gas System of the Town of Simmesport does not have to be let out for public bid. The public bid system provides certain protections to the public for the sale or lease of public property including gas utilities. These protections include notice, an opportunity to be heard, fair market appraisal of the thing to be sold and equal and fair treatment of competitors in the bid process. The Revised Statutes pertaining to the sale or lease of gas utilities encompass and incorporate these very protections. To mandate that bids be let after compliance with the statutory requirements set forth above would be unnecessarily duplicative. Thus, the salient features contained within the public bid law apply to the sale of gas utilities under the terms of the Revised Statutes, even though such sales do not have to be let out for public bid.
We hope that this sufficiently answers your inquiry, but if we can be of any further assistance, please do not hesitate contact us.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: ___________________________ Christopher D. Matchett Assistant Attorney General
CCF, Jr.: CDM:lrs